BAILEY LIQUOR CO. v. AUSTIN et al.

(Circuit Court, D. South Carolina. October 9, 1897.)

1. MUNICIPAL CORPORATIONS—POWER TO PROHIBIT LIQUOR TRAFFIC.

A statute investing the town council with full power to make all such rules, by-laws, and ordinances respecting the police of said town as shall seem to them necessary and requisite for the security, welfare, good government, and convenience of the same, and for preserving the health, peace, and good order thereof (15 St. at Large S. C. 225), empowers the council to pass an ordinance entirely forbidding the sale of intoxicating liquors.

2. INTOXICATING LIQUORS—REPEAL OF STATUTES—SOUTH CAROLINA DISPENSARY LAWS.

The South Carolina dispensary laws (22 St. at Large, p. 123) do not repeal by implication the prior statutes forbidding the sale of intoxicating liquors in various localities in the state.

3. SAME—INTERSTATE COMMERCE—ORIGINAL PACKAGES.

Intoxicating liquors offered for sale in the original packages of importation in a city where the sale of such liquors is prohibited by a valid ordinance are subject, under the act of congress of 1890 (known as the "Wilson Act"), to the provisions of such ordinance, and may be seized by the authorities.

This was a suit in equity by the Bailey Liquor Company against W. G. Austin, A. V. Eichelberger, and J. A. Mays.

Ball, Simkins & Parks, for complainants.

F. Barron Grier, Wm. A. Barber, Atty. Gen., and C. P. Townsend, Asst. Atty. Gen., for respondents.

SIMONTON, Circuit Judge. The complainants opened, by their duly-authorized agent, an original package store in the town of Greenwood. They were offering for sale, in original packages, wines, whisky, and beer. The respondents, state constables, with others, who were acting under the authority of the town council, closed the store and seized the liquors. A rule having been taken out against them for this seizure, they filed their return. Among other things, they say that the sale of intoxicating liquors is forbidden in the town of Greenwood, both by act of the legislature and by an ordinance of the town council, passed under the authority of the legislature.

By the amended charter of the town of Greenwood (15 St. at Large S. C. 225), the town council was invested with full power to make all such rules, by-laws, and ordinances respecting the roads, streets, markets, and police of said town as should appear to them necessary and requisite for the security, welfare, good government, and conven-

82 F.—50

ience of the same, and for preserving the health, peace, and good order thereof. The same power is conferred upon the town council of all towns of not less than 1,000 nor more than 5,000 inhabitants by Acts Assem. S. C. 1896 (22 St. at Large, 67). This last act was passed pursuant to the provisions of Const. 1895, art. 8, § 1. The ordinance of the town of Greenwood forbidding the sale of intoxicating liquors within that town was passed in the exercise of this authority. In 1882 (17 St. at Large, 1075) the legislature passed an act forbidding the sale of spirituous and intoxicating liquors within the limits of the town of Greenwood, or within two miles of said corporate limits, except with the consent of two-thirds of the qualified voters of said town at an election had for that purpose. This act and the ordinance above referred to are both, without doubt, a valid exercise of the police power, and, if not modified or repealed by subsequent legislation, must control this case.

It is urged by the complainants that the several acts of the legislature which contain what is known as the "Dispensary Law" have, in effect, repealed all legislation whatever theretofore existing upon the subject of intoxicating liquors. They contend that there are no longer any municipal communities in this state protected by prohibition laws, and that the sale of intoxicating liquors is or can be made lawful anywhere in this state, the most stringent legislation to the contrary notwithstanding. None of these acts in terms repeal the statutes forbidding the sale of intoxicating liquors in various localities throughout the state. If these are repealed, it must be by implication. Repeals of statute by implication are not favored, and can never be admitted when the former can stand with the new act, but only then when there is a positive repugnancy between the statutes, or the latter is plainly intended as a substitute for the former. Chew Heong v. U. S., 112 U. S. 536, 5 Sup. Ct. 255. The act of 1882, above referred to, is not limited as to time. A perpetual statute (which all statutes are unless limited to a particular time), until repealed by an act professing to repeal it, or by a clause or section of another act directly bearing in terms upon the particular matter of the first act (notwithstanding an application to the contrary may be raised by a general law which embraces the subject-matter), is considered still to be the law in force as to the particulars of the subject-matter legislated on. U. S. v. Gear, 3 How. 120.

The repealing clause of the dispensary act of 1896, the summary of all the other acts (22 St. at Large S. C. 123), repeals all acts inconsistent with that act. So far from being inconsistent with the dispensary law, the act establishing the dispensary itself recognizes the existence of this prohibiting act and of all others of like character. It makes an exception in the authority to establish a dispensary in any part of the state, of any county, town, or city, wherein the sale of alcoholic liquors was prohibited prior to July 1, 1893. In such cities, counties, and towns no dispensary can be established except with the consent of the qualified voters, voting at an election to be ordered on the petition of one-fourth of them. Until this is done, the prohibition is absolute. In the act of 1882, prohibiting the sale of intoxicating liquors in the town of Greenwood, a provision essentially

similar in principle is made. No intoxicating liquors can be sold in the town of Greenwood except with the consent of the qualified voters, voting at an election called for the purpose of ascertaining their wishes on this particular subject. This being so, the act of the legislature of 1882 is still of force. The ordinance of the town council is a valid ordinance. Under the law as it now stands, no one, whether representing the state or a private person, can lawfully sell intoxicating liquors in the town of Greenwood. So far as that municipality is concerned, intoxicating liquors are not an article of commerce. Under the provisions of the act of congress of 1890 commonly known as the "Wilson Act," intoxicating liquors coming into that town of Greenwood are subject to all laws and ordinances passed in the lawful exercise of the police power. The act of the legislature in question and the ordinance of the town are the lawful exercise of the police power. The rule is discharged, and the bill is dismissed, with costs.